IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

DEMETRIUS LARRAGA, et al.,

*Defendants.*

Case No. 21-CR-10003-EFM

**MEMORANDUM AND ORDER**

Defendant Demetrius Larraga asserts that his rights under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, have been violated and moves the Court to dismiss his case with prejudice. In the alternative, Larraga moves that his case be severed from his two codefendants and that he be tried on a date before the current November 16, 2021, trial setting. For the following reasons, the Court denies Larraga's motion.

**I.       Factual and Procedural Background**

The government's theory of the facts is as follows. On January 2, 2021, law enforcement responded to a "shots fired" call at the American Legion in Wichita, Kansas. The shots stemmed from a verbal argument that occurred inside the Legion. During the argument, Defendant Brian Mitchell brandished a firearm and pointed it at others resulting in people quickly exiting the building.

The shooters exited the Legion with the rest of the crowd. They quickly moved to a nearby parking lot and began shooting. Based on a review of the video surveillance and the collection of shell casings in the parking lot, at least 15 shots were fired in approximately 15 seconds by four individuals. It appeared that the shooters were not shooting at each other but primarily at moving cars or into the air. No one was injured by gunfire. The shooters left the Legion with their firearms.

Three of the shooters, Brian Mitchell, Jermaine Oliver, and Demetrius Larraga, are previously convicted felons and are charged in this case. The fourth shooter was not a previously convicted felon and was given to the State of Kansas for prosecution.

On January 26, a grand jury indicted Defendants Mitchell, Oliver, and Larraga, charging each Defendant with violation of 18 U.S.C. § 922(g)(1), possession of ammunition by a convicted felon. Larraga was arrested on February 2. On February 5, he was detained pending trial and arraigned. Three days later, on February 8, law enforcement arrested Defendant Mitchell. The Pretrial Order set the trial for both Defendants for April 20, 2021.

On April 7, the Court, granted Defendant Mitchell an ends of justice continuance under 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(B)(iv), setting a new trial date of June 29. Larraga did not oppose the motion. On May 28, the Court granted Defendant Mitchell a second ends of justice continuance under 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(B)(iv), continuing the trial to September 14. Defendant Larraga objected to this continuance.

Defendant Oliver appeared in the District of Kansas on June 4.[1] On June 15, the Court filed an Amended Pretrial and Criminal Case Management Order, resetting the trial date to

---

[1] Defendant Oliver was arrested in Oklahoma on May 19, 2021.

November 16, 2021.  The only motions filed by Defendants in this case are the two motions to continue and the present motion.

Between the time of Larraga's initial appearance and the first continuance order, 75 days elapsed.  The second continuance order, to which Larraga objected, excluded 76 days from the speedy trial clock.  The third continuance order excluded 62 days.  According to Larraga, the total number of days of continuances he has not consented to is 213.  Larraga argues that this is well outside the 70-day mandate of the Speedy Trial Act and asks this Court to dismiss the Indictment against him.  In the alternative, Larraga asks the Court to sever Count 3 of the Indictment for trial of his case from that of his codefendants and order a sooner trial setting for him.

## II.     Analysis

The Speedy Trial Act requires that a defendant be tried within 70 days of the filing of the indictment or the defendant's first appearance, whichever occurs later.[2]  Certain periods of time, however, may be exempted, and the speedy trial computation may be tolled under certain circumstances.[3]  As relevant here, § 3161(h)(6) (the "codefendant subsection") excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  Another subsection, § 3161(h)(7) (the "ends of justice subsection"), excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

---

[2] 18 U.S.C. § 3161(c)(1).

[3] *Id*. § 3161(h).

Larraga challenges the excludability of two delays: (1) the delay stemming from Defendant Mitchell's second ends of justice continuance, which moved the trial date from June 29 to September 14 and (2) the delay stemming from Larraga's arraignment on February 5 to Defendant Oliver's arraignment on June 4. Because these delays are attributable to codefendants, they are analyzed under the codefendant subsection, § 3161(h)(6).[4] The reasoning behind this subsection is that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."[5] "Joint trials play a vital role in the criminal justice system" because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."[6]

Under the codefendant subsection, the general rule is that "all defendants who are joined for trial fall within the speedy trial computation of the last codefendant joined."[7] Furthermore, "[w]hen the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants."[8] The Tenth Circuit held:

> In determining whether delay attributable to a codefendant is reasonable, a court must examine all relevant circumstances. Our circuit has articulated three factors to guide district courts in this exercise: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the

---

[4] *United States v. Cortes-Gomez*, 926 F.3d 699, 704 (10th Cir. 2019). Although the Court issued an ends-of-justice continuance from June 29 to September 14, Tenth Circuit law requires the Court to consider the delay under the co-defendant subsection. *See id.* at 704 n.3 (citing *United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir. 1986) (explaining that time excluded on account of codefendants must be evaluated under the codefendant subsection instead of ends-of-justice subsection)).

[5] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[6] *Id.* (internal quotations and citations omitted).

[7] *Cortes-Gomez*, 926 F.3d at 704-05 (citing *United States v. Margheim*, 770 F.3d 1312, 1318-19 (10th Cir. 2014)).

[8] *Id.* at 705 (quoting *Unites States v. Thomas*, 749 F.3d 1302, 1308 (10th Cir. 2014)).

efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."[9]

The Court must weigh the relevant factors to determine if the delays attributable to Defendant Mitchell and Defendant Oliver are reasonable. The first two factors favor Larraga because he is in custody and he objected to the second ends of justice continuance granted by the Court on May 28. As to the third factor, the Tenth Circuit has stated that "[a] single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses."[10] The inquiry under this factor "is highly fact-sensitive."[11] Here, the facts overlap as to each Defendant. On the evening in question, all three Defendants left the Legion within seconds of each other after the argument broke out. All three Defendants discharged firearms near the Legion building. Video surveillance shows each Defendant inside and outside the building during the event, and the primary witnesses at trial will be the same for each Defendant. Thus, if the government is required to put on three separate trials, the evidence would be repeated three times. This is a waste of prosecutorial and judicial resources. Therefore, the third factor weighs heavily in favor of the government.

Balancing the three factors, the Court concludes that the delays attributable to Defendants Mitchell and Oliver are reasonable under the circumstances. Although the first two factors favor Larraga, the third factor heavily favors the government. Accordingly, the delays due to Defendants Mitchell and Oliver are properly excludable from the speedy trial clock under § 3161(h)(6).

---

[9] *Id.* (quoting *Margheim*, 770 F.3d at 1319).

[10] *Margheim*, 770 F.3d at 1320 (internal quotations and citations omitted).

[11] *Id.* (citation omitted).

In light of the Court's conclusion, there is no speedy trial violation as to Larraga. The speedy trial clock should have begun on the date of Defendant Oliver's arraignment. But, because the Court already excluded the time between June 29 and September 14 in its Order to Continue dated May 28, the speedy trial clock actually started on September 14. Therefore, the time between September 14, until the current trial setting of November 16, would total 63 days toward the speedy trial clock, minus the time during the pendency of this motion.[12] Because there is no speedy trial violation, the Court denies Larraga's motion to dismiss the Indictment.

In the alternative, Larraga asks the Court to sever his case from his two codefendants' case. Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Even when joinder is proper under Rule 8, however, a defendant may request severance from another defendant under Rule 14. Rule 14(a) states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Thus, to obtain severance, Larraga must show that he is prejudiced by the joinder of his case with his codefendants.

The level of prejudice required to obtain severance is substantial. Such prejudice must consist of a "serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence."[13] In

---

[12] *See* 18 U.S.C. § 3161(h)(1)(D) (excluding any time period from the filing of a pretrial motion to the disposition of that motion).

[13] *Zafiro*, 506 U.S. at 539.

this case, Larraga requests severance as a remedy for his perceived speedy trial violation. However, the Court has concluded that Larraga's speedy trial right has not been violated. Furthermore, severance is not an option provided by the Speedy Trial Act. If there is a speedy trial violation, then the district court must dismiss the Indictment.[14] Larraga has not identified any other way in which he is prejudiced by the joinder of defendants in this case. Therefore, the Court denies Larraga's motion to sever Count 3.

**IT IS THEREFORE ORDERED** that Defendant Larraga's Motion to Dismiss for Violation of the Speedy Trial Act or In the Alternative for Severance of Count 3 and Imposition of a Sooner Trial Setting (Doc. 32) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of September, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] 18 U.S.C. § 3162(a)(2).